SECURITIES AND EXCHANGE
COMMISSION, Plaintiff,

Securities Investor Protection
Corporation, Applicant,

v.

KELLY, ANDREWS & BRADLEY, INC.,
et al., Defendants.

No. 71 Civil 5469.

United States District Court,
S. D. New York.

Sept. 28, 1976.

Theodore H. Focht, General Counsel, Securities Investor Protection Corp., Washington, D. C., for applicant.

Gasperini & Savage, New York City, for trustee; Patrick W. McGinley, New York City, of counsel.

OPINION

EDWARD WEINFELD, District Judge.

This is an application by the Trustee for approval of his final account, and a joint application by him and his counsel (a law firm of which he is a senior partner) for final and additional compensation of $77,-002 (counsel $68,722; Trustee $ 8,280).

Heretofore interim allowances were made to the Trustee and his attorneys for the period from December 15, 1971 through November 30, 1974, which totalled $72,500 (counsel $62,500; Trustee $10,000). For this period they now request an additional $46,716 (counsel $41,916; Trustee $4,800), which they state represents "the balance of [their] uncompensated time." For the period from December 1, 1974 through June 30, 1976, for which no previous application has been made, they request a total of $30,286 (counsel $26,806; Trustee $3,480). Thus, for their combined services in the adminis-

tration of this estate they seek total compensation of $149,502. Applying the criteria governing such applications,[1] the request is excessive and far from reasonable. Indeed this Court is of the view that even the total sum of $115,000 suggested by SIPC in partial opposition to the petitioners' application is in excess of what is fair and reasonable compensation.

Despite the voluminous affidavits submitted in justification of the requested allowances and the massive report of the Trustee, what emerges is in large measure a routine administration or liquidation of a brokerage firm in accordance with the requirements of the Securities Investor Protection Act of 1970.[2] SIPC correctly states that this was not an involved and complicated liquidation. In fact, only 186 customers and thirty broker-dealers filed claims; only three claimants in each category (a total of six) objected to the Trustee's determination.[3] Furthermore, in this aspect of the administration the Trustee had the assistance of an accounting firm which, among its other activities, reviewed every claim that was filed. For their services the accountants received $27,262.55.

■ The litigation involving contested claims[4] and the SEC action[5] were heard by this Court, which, of course, is familiar with the problems involved therein. As this Court stated in a somewhat parallel situation:

A court is presumed to be knowledgeable as to fees generally charged by attorneys and the quality of services rendered . . .; equally it may be presumed to be knowledgeable as to the reasonable time and the number of attorneys required to perform services competently and effectively in furthering the success of a litigation.[6]

A detailed analysis of the time logged by senior partners, partners, associates and paralegals strongly suggests that it was more than was reasonably required to bring matters to an orderly and expeditious conclusion.

■ As to the state court action brought by petitioners on a broker's blanket bond wherein they appealed from an adverse decision on their motion for summary judgment, the Court finds that in this instance, too, there has been an excess of time logged. The fact that petitioners were unsuccessful in that litigation does not mean they are not to be compensated; by the same token they are not entitled to excessive compensation or to be paid at rates as if they had achieved a favorable result. Some idea of the measure of excess charge for services may be gleaned by a reference to but one of a number of such instances: "Research was done by paralegals and law clerks to determine the procedure for perfecting an appeal in the Appellate Division . . . ."[7] One would assume that competent attorneys are familiar with proper procedure. No purpose would be served by reference to other items of similar import.

The excessive time spent by the Trustee and his counsel is by itself sufficient reason to reduce the requested compensation. In addition, the application places undue emphasis on time expended, which is by no means the controlling factor in evaluating the services.[8] According to petitioners' own evaluation, the "Net benefit to Estate" of

---

1. *SIPC v. Charisma Sec. Corp.,* 371 F.Supp. 894 (S.D.N.Y.), aff'd, 506 F.2d 1191 (2d Cir. 1974).

2. 15 U.S.C. § 78aaa, et seq.

3. A seventh objection was filed, but the claim was settled.

4. *SEC v. Kelly, Andrews & Bradley, Inc.,* 385 F.Supp. 948 (S.D.N.Y.1974).

5. *SEC v. Kelly Andrews & Bradley, Inc.,* 341 F.Supp. 1201 (S.D.N.Y.1972). The applicants herein were not the attorneys representing plaintiff in that case and played no part in the conduct of the trial.

6. *Blank v. Talley Indus., Inc.,* 390 F.Supp. 1, 4 (S.D.N.Y.1975).

7. Application for Allowance of Compensation, ¶ 48.

8. *See Blank v. Talley Indus., Inc.,* 390 F.Supp. 1, 5 (S.D.N.Y.1975); *Levin v. Mississippi River Corp.,* 377 F.Supp. 926, 931 (S.D.N.Y.), aff'd without opinion, 508 F.2d 836 (2d Cir. 1974).

their services was $189,960.55. The total fee they seek is over three-fourths of the net amount they claim to have benefited the estate. Their evaluation of "Net benefit to the Estate" is questionable. They compute it by adding "Total Claims disallowed" in the sum of $175,000 to claims and receipts recovered in the sum of $96,780.15, and deducting therefrom the total claims paid out. The total claims disallowed were in the main items that were either improper or spurious, or in some instances not challenged. These hardly qualify as a benefit or recovery to the estate. They were attempts to obtain payments that were not warranted. Petitioners properly resisted them, but it distorts matters to imply that by their rejection or disallowance the estate was specially benefited through petitioners' efforts.

Upon a study of the entire record this Court is satisfied that an additional payment of $17,500 (counsel $16,000; Trustee $1,500), making a total of $90,000, will represent the outer limits of fair and reasonable compensation.

The motion to approve the final report and account is granted.

Enter order accordingly.